IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Karen Nelson, | ) | C/A No. 3:14-56-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Lottery Commission, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Karen Nelson, filed this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, et seq.;[1] alleging race discrimination, age discrimination, and retaliation, as well as a state law claim of defamation against her employer, the South Carolina Lottery Commission.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 11.)  Nelson filed a response in opposition (ECF No. 13), and the defendant replied (ECF No. 14).[2]  Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

---

[1] In her response to the defendant's motion, Nelson stipulates to the dismissal of her ADEA claim.  (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at 1 n.1, ECF No. 9 at 1 n.1.)

[2] The defendant filed a prior motion to dismiss (ECF No. 6) to which Nelson responded by filing an Amended Complaint (ECF No. 10) and response in opposition (ECF No. 9).  In the currently pending motion to dismiss, the defendant incorporates by reference the arguments presented in its original motion to dismiss and raises additional arguments in reply to Nelson's response in opposition.  (Def.'s Mem. Supp. Mot. Dismiss at 2, ECF No. 11-1 at 2).  Accordingly, the court has considered these filings as well in making its recommendation.



**DISCUSSION**

A.     **Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.' " Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (alterations in original) (quoting Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir. 1999)).

**B.     Nelson's Claims**

**1.     Title VII Claims**

The defendant correctly asserts that Nelson's Title VII claims are untimely because she did not file her administrative charge with the Equal Employment Opportunity Commission ("EEOC") within the statutory 300-day time limit.  See 42 U.S.C. § 2000e-5(e)(1).  Nelson does not dispute this; however, she relies on Federal Express Corp. v. Holowecki, 552 U.S. 389 (2008), to argue that the intake questionnaire she completed prior to filing her administrative charge should satisfy the charge-filing requirement under Title VII.

While Holowecki permits an intake questionnaire to satisfy the charge-filing requirement under certain circumstances, those conditions are not present here.  Significantly, Holowecki permitted the intake questionnaire to suffice as a charge because the plaintiff in the case had included along with her questionnaire a six-page affidavit detailing the alleged unlawful acts and requesting the EEOC to take action against the employer's alleged discrimination.  Holowecki, 552 U.S. at 405. Thus, the Court found that the intake questionnaire met the requirements of a charge contained in the statute because it contained a "request for the agency to act."  Id.

Additionally, courts interpreting Title VII and Holowecki have demanded that for an intake questionnaire to be properly considered as an administrative charge, it must be declared under penalty of perjury.  See, e.g., Graves v. Indus. Power Generating Corp., No. 3:09cv717, 2011 WL 63696, *8 n.19 (E.D. Va. Jan. 5, 2011); Grice v. Baltimore Cnty., Md., No. JFM 07-1701, 2008 WL 4849322, *4 (D. Md. Nov. 5, 2008); see also 42 U.S.C. § 2000e-5(b).

Finally, a third factor to be considered in determining whether an intake questionnaire suffices as an administrative charge is the language on the intake questionnaire form itself.  See



Holowecki, 552 U.S. at 405; compare Green v. Wal-mart Stores, Inc., No. 2:11-2219-RMG-BHH, 2012 WL 2048207, *2-3 (D.S.C. May 3, 2012), adopted by 2012 WL 2046124 (D.S.C. June 6, 2012) (finding that an intake questionnaire did not constitute a charge when it contained a disclaimer stating that "COMPLETION AND SUBMISSION OF THIS QUESTIONNAIRE DOES NOT IMPLY OR CONSTITUTE THE FILING OF A CHARGE") and Toro v. Sci. Applications Int'l Corp., C/A No. 2:12-1833-DCN, 2013 WL 652568 (D.S.C. Feb. 21, 2013) (finding that a conspicuous disclaimer on the initial inquiry questionnaire form prevented it from being construed as a request for action) with Adams v. U.S. Airways, Inc., 2:10-1658-RMG-BHH, 2011 WL 1261451, *4 (D.S.C. Mar. 16, 2011), adopted by 2011 WL 1261451 (D.S.C. Apr. 5, 2011) (finding that the intake questionnaire could be considered as a charge when the questionnaire form explicitly stated that the EEOC would consider the questionnaire "to be a sufficient charge of discrimination" if it was the only timely form filed).

The intake questionnaire completed by Nelson does not meet the requirements discussed above. It contains a disclaimer, expressly stating that "**Filling out and bringing us or sending us this questionnaire does not mean that you have filed a charge.**" (Pl.'s Resp. Opp'n Mot. Dismiss Ex. A, ECF No. 9-1 at 2) (emphasis in original). Moreover, it reminds the person completing the questionnaire that a charge, not the questionnaire, must be filed within the time limits imposed by law. (Id. at 3.) Furthermore, Nelson's questionnaire is not sworn or verified under penalty of

perjury.  See 42 U.S.C. § 2000e-5(b); Davenport v. Asbury, Inc., No.: 3:12-CV-445, 2013 WL

1320696 (E.D. Tenn. Mar. 29, 2013).[3]  Thus, Holowecki and its progeny do not avail Nelson.

### 2.    Defamation

Nelson's supplemental state law claim for defamation cannot be brought in this court, as the

defendant enjoys immunity for that claim under the Eleventh Amendment to the United States

Constitution.  See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also

Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that

the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses

not only actions in which a State is actually named as the defendant, but also certain actions against

state agents and state instrumentalities."); S.C. Code Ann. § 59-150-30 (creating "a commission to

be known as the South Carolina Lottery Commission, which is deemed to be a public commission

and an instrumentality of the State").   Accordingly, this claim should be dismissed without

prejudice.[4]

---

[3] The court further observes that even if the questionnaire could be considered a charge in this case, using the date of the questionnaire at best avails Nelson only with regard to one allegedly unlawful act:  the alleged transfer or demotion that took effect July 2, 2012.  All the other adverse actions of which she complains would still be outside the scope of a timely charge.

[4] The court notes that Nelson does not make any argument contradicting the defendant's invocation of its Eleventh Amendment immunity save to point out that the dismissal should be without prejudice to pursue the claim in state court.  (Pl.'s Mem. Opp'n Def.'s Mot. Dismiss at 8, ECF No. 13 at 8.)



## RECOMMENDATION

Nelson's Title VII claims are untimely and her defamation claim against the defendant, a state agency, cannot be brought in federal court.  Further, it does not appear that amendment of the Complaint can cure these deficiencies.  Accordingly, the court recommends that the defendant's motion be granted.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 23, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).