IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Karen Nelson, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>South Carolina Lottery Commission, )<br>)<br>)<br>Defendant. )<br>_____ ) | Civil Action No.: 3:14-cv-00056-MGL<br><br>**ORDER AND OPINION** |

Plaintiff Karen Nelson ("Plaintiff") filed this action on January 7, 2014, against her employer the South Carolina Lottery Commission ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*; alleging race discrimination, age discrimination, and retaliation, as well as a state law claim of defamation. Defendant filed its motion to dismiss on March 3, 2014 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 11.) Plaintiff filed her response on March 20, 2014 (ECF No. 13) and Defendant filed its reply on March 31, 2014. (ECF No. 14.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Paige J. Gossett for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendant's Motion to Dismiss be granted because Plaintiff's Title VII claims are untimely and because Plaintiff's defamation claim against Defendant cannot be brought in federal court. (ECF No. 18.) Plaintiff filed

timely objections to the Report and Recommendation on October 1, 2014 (ECF No. 19) and Defendant filed its reply on October 10, 2014. (ECF No. 20.) For the reasons set forth herein, this Court adopts the Report and Recommendation and Defendant's Motion to Dismiss is GRANTED.

## STANDARD OF REVIEW

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report, Defendant's Reply and, in particular, Plaintiff's Objection, in which Plaintiff objects, chiefly, to the Magistrate Judge's determination that Plaintiff's Title VII claims for race discrimination and retaliation were untimely. (ECF No. 19 at 6.) Plaintiff does not dispute that she failed to file her administrative charge with the Equal Opportunity Commission ("EEOC") within the statutory 300-day time limit. Instead she maintains that she did file her intake questionnaire before the expiration of the 300 days, which she argues should

satisfy the charge-filing requirement. (ECF No. 19 at 6-7.) Plaintiff indicates that she does not object to the Magistrate Judge's recommendation that her defamation claim should be dismissed without prejudice due to Eleventh Amendment immunity. (ECF No. 19 at 2.) Plaintiff, however, claims that the Magistrate Judge failed to address Plaintiff's ADEA claim in the Report and Recommendation and asks that this claim be allowed to proceed.[1] (ECF No. 19 at 2.)

The Court has carefully reviewed the Magistrate Judge's analysis of the key issue—the timeliness of Plaintiff's Title VII claims— and agrees with the determination of the Magistrate Judge. In crediting the Magistrate Judge's analysis and overruling Plaintiff's objection, the Court is persuaded by the Magistrate Judge's discussion of *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), and cases interpreting *Holowecki* and Title VII as they pertain to the question of whether an intake questionnaire suffices as an administrative charge. In view of the case law, the Court finds no error in the Magistrate Judge's conclusion that Plaintiff's particular intake questionnaire does not satisfy the test outlined in *Holowecki.* Plaintiff's objection fails to cast any doubt on the Magistrate Judge's reasoning and analysis.

## CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required *de novo* review. After considering the motion, the record, the Report and

---

[1] The Report and Recommendation does in fact address Plaintiff's ADEA claim by way of footnote one, on the first page of the Report. (ECF No. 18 at 1.) The Magistrate Judge noted that Plaintiff previously stipulated to the dismissal of her ADEA claim in her opposition to Defendant's Motion to Dismiss. (ECF No. 9 at 1 n. 1.) Accordingly, and based on Plaintiff's stipulated dismissal, the Magistrate Judge did not need to reach the merits of Plaintiff's dismissed claim.

Recommendation of the Magistrate Judge and all responses, this Court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference. Therefore, it is ORDERED that Defendant's Motion to Dismiss (ECF No. 11) is GRANTED and the Court hereby dismisses Plaintiff's claims against Defendant without prejudice.

    IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
November 18, 2014